MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
KARLA MALAGON CASTILLO
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Room 720
Los Angeles, CA 90012-4701
Telephone: (213) 894-0255
Email: Malagon.karla@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer*
*United States Secretary of Labor*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>    Secretary of Labor,<br>        United States Department of Labor,<br><br>                    Plaintiff,<br><br>    v.<br><br>VH HOMES INC., d/b/a VH HOMES I, a California Corporation; KEELSON HOME INC., d/b/a VH HOMES II, a California Corporation; OLIVIA HIDAYAT, individually and as managing agent of the entity defendant,<br><br>                    Defendants. | No. SACV 24-2732-GW-DFMx<br><br>**CONSENT JUDGMENT AND ORDER** |

      Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants VH Homes Inc., d/b/a VH Homes I; Keelson Home, Inc. d/b/a VH Homes II; and Olivia Hidayat, individually and as a managing agent ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

**STATEMENTS BY THE PARTIES**

The Secretary filed a Complaint alleging that Defendants violated Sections 7, 11(c), and 15(a)(5) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(5).

Defendants filed an answer to the Complaint.

Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment and Order without further contest.

Defendants agree herein to resolve all allegations against them in the Secretary's Complaint.

Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment and Order.

Defendants admit that at all relevant times, they operated residential care facilities in the State of California, including, but not limited to Orange County, and that these activities constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

Defendants admit that at all relevant times they were the employers of employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), including the employees identified in **Exhibit 1** to this Consent Judgment, which is incorporated in and made part of this Consent Judgment and Order.

Defendants admit that they have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on **Exhibit 1** who worked more than 40 hours in a work week.

Defendants admit that they have violated Sections 11(c) and 15(a)(5) of the

FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on **Exhibit 1**.

Defendants agree that, within 30 days of entry of this Consent Judgment, they will afford all individuals who work in the residential care facilities all protections and safeguards guaranteed under the FLSA.

## PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the Parties and their legal representatives, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons and entities acting in active concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203 or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA Section 3, 29 U.S.C. § 203, for any workweek longer than 40 hours unless such employees receive compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

2. Defendants shall not, contrary to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a), fail to make, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by these statutory provisions and the implementing regulations at 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.

3. Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), discharge or in any manner discriminate against any employee because such employee has or is believed to have filed any wage complaint, including to Defendants, or has instituted or caused to be instituted any proceeding under the FLSA, or has provided information to the U.S. Department of Labor in any such proceeding.

4. Defendants shall not, contrary to FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), in any way, directly or indirectly, solicit, demand, require, or accept the return of any of the back wages or liquidated damages required to be paid under this Consent Judgment and Order from the individuals listed on the attached **Exhibit 1** or any future wages paid to employees in their residential are facilities; nor shall Defendants threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment and Order.

5. Defendants shall not, jointly and severally, withhold payment of **$39,500** (thirty-nine thousand five hundred), which constitutes the overtime back wages found to be due by the Defendants under the FLSA to the employees, as a result of their employment by Defendants during the periods identified and to the employees named in **Exhibit 1** in the amounts set forth herein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons and entities acting in active concert or participation with them, shall take the affirmative actions:

6. Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall provide the last known contact information (including home address, mobile phone number, and email address) of each individual listed in **Exhibit 1** to the Secretary by emailing this information to Emily Eckstein, Assistant District Director (ADD), Wage and Hour Division – San Diego District Office at eckstein.emily@dol.gov. If Defendants learn that the contact information

of any individual listed on **Exhibit 1** changes in the next three years, Defendants shall email the updated contact information to ADD Eckstein or another representative designated by the Secretary.

7. Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall provide a copy of this Consent Judgment and Order to all individuals listed in **Exhibit 1**.

8. Within 30 days of the date of entry of this Consent Judgment and Order, Defendants shall post the notice attached as **Exhibit 2** in a place that is visible to employees at all their day programs, group homes and residential services.

9. Defendants shall utilize a reliable timekeeping system, such as a time clock, at each of their residential care facilities. Defendants shall use this system to accurately record the daily and weekly hours that employees work at these facilities. Defendants shall train and require employees to clock in and out at the beginning and end of each shift, and at the beginning and end of any uninterrupted meal and break period of 30 minutes or more. Defendants shall also train and require employees to clock in and out at the beginning and end of each time period in which employees are required to remain on the premises of the residential care facilities. Defendants shall further train and require employees to record any additional hours that employees work outside of their shifts (for example, assisting with patient care at night), either by clocking in and out before and after performing such work or making a written record of the time spent performing the unscheduled work.

## JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of Plaintiff Secretary of Labor as a judgment owed to the United States of America and against all Defendants VH Homes Inc., d/b/a VH Homes I; Keelson Home, Inc. d/b/a VH Homes II and Olivia Hidayat, individually and as a managing agent jointly and severally, in the total amount of **$80,000** (eighty thousand), comprised of: **$39,500** in unpaid overtime

back wages owed under FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2); **$39,500** as liquidated damages pursuant to FLSA § 16(c), 29 U.S.C. § 216(c).; and **$1,000** in FLSA civil monetary penalties pursuant to FLSA Section 16(e)(2), 29 U.S.C. § 216(e)(2). The civil money penalties are assessed against Defendants pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e). Defendants waive the right to a hearing with respect to this assessment of civil money penalties.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**:

10. To satisfy the judgment, Defendants shall make payments to the Secretary as follows:

   a. Defendant shall make a payment in full totaling **$80,000** (eightythousand dollars) to the Secretary within 30 days after execution of the settlement agreement.

   b. Defendants shall make the civil monetary penalty payment required by this Consent Judgment and Order online by ACH transfer, credit card, debit card, or digital wallet using the "WHD Civil Monetary Penalty – WE Region" form available at https://www.pay.gov/public/form/start/77743734. The payment shall reference Case Number 1976368.

   c. Defendants shall make the back wage and liquidated damages payments required by this Consent Judgment and Order online by ACH transfer, credit card, debit card, or digital wallet by using the "WHD Back Wage Payment Form – Western Region" form available at https://www.pay.gov/public/form/start/77761888.  The payment shall reference Case Number 1991334.

11. In the event of any default in the timely making of any payment due hereunder, the full judgment amount which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendants' default until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then

known to the Secretary with electronic copies also concurrently e-served on Defendants and, if applicable, their counsel.

12. The Secretary shall distribute the back wages and liquidated damages payments described in ¶ 10, less deductions for employees' share of payroll taxes and for employees' income tax withholding on the back wage amounts to the employees identified in **Exhibit 1**, or if necessary, to the employees' estates. If any monies are not distributed to employees within three (3) years from the date of the Secretary's receipt of final payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the money into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

**FURTHER, IT IS HEREBY ORDERED THAT:**

13. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any individual not named on the attached **Exhibit 1**, nor as to any individual named on **Exhibit 1** for any time period not included in **Exhibit 1**.

14. Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

15. The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

**IT IS SO ORDERED**

Dated: July 30, 2025

_____
HON. GEORGE H. WU,
United States District Judge

**For Plaintiff**

MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour

*/s/ Karla Malagon Castillo*
KARLA MALAGON CASTILLO
Trial Attorney

**For Defendants**

<u>VH HOMES INC., d/b/a VH Homes I, a California Corporation; KEELSON HOME INC., d/b/a VH Homes II, A California Corporation; OLIVIA HIDAYAT</u>

By:

7/28/2025

_____
OLIVIDA HIDAYAT
Title: Owner, President


_____
THINH VAN DOAN
Attorney for Defendants

[PROPOSED] CONSENT JUDGMENT AND ORDER
Case No. 8:24-CV-2732

# EXHIBIT 1

|   | Name | Period Covered | Back Wages Owed | Liquidated Damages Owed | Total Owed |
|---|------|----------------|-----------------|-------------------------|------------|
| 1 | Mendoza, Jasmin | 3/12/2021-3/8/2024 | $5,192.99 | $5,192.99 | $10,385.99 |
| 2 | Paulino, Julita | 3/12/2021-3/8/2024 | $26,568.35 | $26,568.35 | $53,136.69 |
| 3 | Sapaden, Lorna | 10/20/2023-3/8/2024 | $278.13 | $278.13 | $556.26 |
| 4 | Tamio, JojiJoy | 3/12/2021-3/8/2024 | $7,460.53 | $7,460.53 | $14,921.06 |
| **TOTALS** |  |  | **$39,500.00** | **$39,500.00** | **$79,000** |

# EXHIBIT 2
# NOTICE OF EMPLOYEE RIGHTS

The U.S. Department of Labor ("DOL") has filed a lawsuit in district court in the matter of: *Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor v. VH Homes Inc., d/b/a VH Homes I; Keelson Home, Inc. d/b/a VH Homes II and Olivia Hidayat, individually and as a managing agent*, Case No.: 8:24-cv-2732, alleging violations of the FLSA record keeping and overtime provisions. These employers have entered into a consent judgment with DOL to resolve the allegations.

You have legal rights under the Fair Labor Standards Act, including:

> ➢ The right to be paid at least the minimum wage for all hours that you work; And
> ➢ The right to be paid overtime at a rate of 1.5 times your regular rate for all hours that you work over 40 hours in a workweek.
> ➢ The right to complain about your wages to your employer or the DOL without suffering any negative actions from your employer or anyone else.

Your employer must pay you for all the hours you work. This includes all the time you perform work at the home and any time when you are required to stay in the home.

If you receive a payment as part of this settlement, you have the right to keep the payment in full. No one is allowed to ask you to return any part of that payment to your employer.

If you think your employer has not correctly paid you or has violated your rights, please contact the Department of Labor at 1-866-487-9243.

**Your employer is prohibited from taking any negative action against you because you contacted the Labor Department.**